(October 9, 1919.)

WROUGHT IRON RANGE COMPANY, a Corporation, Appellant, v. HEBER C. C. RICH, Respondent.

[184 Pac. 627.]

TAXATION—CONDITIONAL SALES—INTERSTATE COMMERCE.

1. Each of sixty-six persons ordered a range from the manufacturer and in payment for it gave a promissory note in which was expressed the condition that it should be void only in case of refusal to make delivery. The transactions were conditional sales and the ranges remained the property of the manufacturer until the deliveries were made.

2. Property which has been shipped from one state into another, has reached its destination, and has been unloaded from the car preparatory to being delivered pursuant to a conditional sale contract, is no longer in interstate commerce, but is a part of the mass of taxable property within the state of its destination.

[As to retention of title by seller until payment, see note in 46 Am. St. 295.]

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action to recover tax paid under protest. Judgment for defendant. *Affirmed.*

Hansbrough & Gagon, for Appellant.

Property that is shipped from another state into this state and placed in stores for general sale to the general public becomes mingled with the property of the state and is taxable under the state laws, but property that is sold by a corporation or individual in a foreign state, prior to its shipment, and is shipped into the state merely for the purpose of delivery, is not taxable, and to tax it is an unlawful interference and violation of the interstate commerce laws. (*Wrought Iron Range Co. v. Campen,* 135 N. C. 506, 47 S. E. 658; *Robbins v. Shelby County Taxing District,* 120 U. S. 489, 7 Sup. Ct. 592, 30 L. ed. 694; *Brown v. Maryland,* 12 Wheat. (U. S.)

419, 6 L. ed. 678; *Norfolk & W. R. Co. v. Sims,* 191 U. S. 441, 24 Sup. Ct. 151, 48 L. ed. 254, see, also, Rose's U. S. Notes.)

R. L. Black, Attorney General, A. F. Stone and Dean Driscoll, Assistants, and Ralph W. Adair, for Respondent.

"All personal property consigned to any person within this state from any place out of this state must be assessed as other property; and all property in transit to any county in this state must be assessed at its destination or in any county where it remains thirty days." (Sec. 1669, Rev. Codes; *Parks Bros. & Co. v. Nez Perce County,* 13 Ida. 298, 121 Am. St. 261, 12 Ann. Cas. 1113, 89 Pac. 949; *Austin v. Tennessee,* 179 U. S. 343, 21 Sup. Ct. 132, 45 L. ed. 224; *May v. New Orleans,* 51 La. Ann. 1064, 25 So. 959; *F. May & Co. v. New Orleans,* 178 U. S. 496, 20 Sup. Ct. 976, 44 L. ed. 1165, see, also, Rose's U. S. Notes.)

The sale of the stoves in the case at bar was not consummated, but was simply an executory contract of sale; it could not be an executed contract until the delivery of the stoves to the purchasers. (*Idaho Implement Co. v. Lambach,* 16 Ida. 497, 101 Pac. 951.)

MORGAN, C. J.—Appellant, a corporation engaged at St. Louis, Missouri, in manufacturing ranges and in selling them throughout the country, consigned to itself at Blackfoot, in Bingham county, a carload consisting of sixty-six ranges and fixtures, which were not marked in any way whereby they might be severally described or distinguished one from another. Prior to making the shipment an agent of appellant had taken orders from residents of Bingham county for each of the ranges and had taken promissory notes in payment therefor, each of which contained the following provision:

"This note is given for one 'Home Comfort' Range No. ——, which —— this day purchased from said Wrought Iron Range Company, to be delivered at —— premises within sixty days from this date. This note to be void only upon the condition that said Wrought Iron Range Company re-

fuses to deliver the said 'Home Comfort' Range as above specified, and for no other cause whatever."

When the car arrived at Blackfoot appellant's agent unloaded the ranges and placed them in a warehouse, where they were set up preparatory to being delivered to those who had ordered them. Before delivery respondent, who was assessor of Bingham county, levied an assessment upon the ranges for purposes of taxation. The tax was paid by appellant, under protest, and this action was commenced to recover the amount so paid. Judgment was for defendant, and the case is here on appeal.

Appellant contends the assessment was illegal and void, first, because the ranges had been sold to divers persons in Bingham county and at the date of assessment were not its property; second, because the property assessed was, at the time, in transit, and that the attempt to collect the tax was, and is, an interference with interstate commerce and violative of the right of Congress to regulate commerce among the states.

These contentions are not well founded in fact. The sales were not absolute; they were conditional. Appellant was not bound to make deliveries of the ranges and the notes were to be void if deliveries were not made. Neither of the purchasers had been sold a specified piece of property, but the order of each of them could be filled by the delivery of any range in the carload lot. If appellant made deliveries, as specified in the notes, the sales would be complete and the obligations to pay would be absolute. Until that was done the sales were incomplete, the obligations were conditional and the ranges were the property of appellant.

At the time the assessment was made the interstate shipment had been completed; the goods were no longer in interstate commerce, but had become a part of the mass of taxable property within the state of Idaho. (*Parks Bros. & Co. v. Nez Perce County*, 13 Ida. 298, 121 Am. St. 261, 12 Ann. Cas. 1113, 89 Pac. 949; *Woodruff v. Parham*, 8 Wall. 123, 19 L. ed. 382; *Brown v. Houston*, 114 U. S. 622, 5 Sup. Ct.

1091, 29 L. ed. 257; *American Steel & Wire Co. v. Speed,* 192 U. S. 500, 24 Sup. Ct. 365, 48 L. ed. 538, see, also, Rose's U. S. Notes.)

The judgment is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.